# EXHIBIT A



05-CV-02035-EXII

1

2

3

4

5

6

7

8

9       IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
10                 IN AND FOR THE COUNTY OF KING

11 | JOEL HODGELL,                          NO.
12 |              Plaintiff,
13 | v.
14 | YVES ROCHER NORTH AMERICA              **COMPLAINT FOR INJUNCTIVE**
   | (a foreign corporation),               **AND ADDITIONAL RELIEF**
15 | YVES ROCHER (U.S.A.) INC.,             **UNDER THE UNFAIR BUSINESS**
   | (a Delaware corporation),              **PRACTICES--CONSUMER**
16 | YVESROCHERUSA.COM,                     **PROTECTION ACT, THE**
17 | and JOHN DOES 1-20,                    **COMMERCIAL ELECTRONIC**
                                            **MAIL ACT, AND THE IDENTITY**
18 |              Defendants.               **CRIMES ACT, ETC.**

19       COMES NOW, plaintiff, Joel Hodgell, through his attorney Robert J. Siegel, brings this

20 amended action against defendants named herein.  The plaintiff alleges the following on

21 information and belief:

22                      **I. JURISDICTION AND VENUE**

23       **1.1.**    This is an action to recover damages and penalties for defendants' repeated

24 violations of the Washington State Commercial Electronic Mail Act (CEMA), RCW 19.190 et

25

COMPLAINT FOR DAMAGES/PENALTIES, ETC. -1      MERKLE SIEGEL & FRIEDRICHSEN, P.C.
HODGELL v. YVES ROCHER, ET AL                 ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717



seq., the Identity Crimes Act, RCW 9.35, the Washington State Consumer Protection Act (CPA), RCW 19.86 et seq., and under the common law tort of nuisance, harassment and theft of (diminution of) services.

1.2.   This Complaint is filed and these proceedings are instituted under the provisions of RCW 19.190, the Commercial Electronic Mail Act (CEMA), RCW 9.35 the Identity Crimes Act, and RCW 19.86, the Unfair Business Practices--Consumer Protection Act (CPA), and under common law tort of nuisance, harassment, and theft of (diminution of) services.

1.3.   Jurisdiction of the plaintiff to commence this action is conferred by RCW 19.86.080, 19.86.090, 19.86.160, RCW 19.190.030, RCW 9.35.020(5), and RCW 4.12.020-.025.

1.4.   The violations alleged herein have been and are being committed in whole or in part in King County, in the state of Washington by defendants named herein, therefore, pursuant to RCW 4.12.020-.025 and RCW 9.35.020(5), venue is proper in this court.

## II. PLAINTIFF & DEFENDANTS

2.1.   Plaintiff, Joel Hodgell, is a resident of the state of Washington and of the county of King, and is an adult over the age of eighteen years.

2.2.   Defendant Yves Rocher North America appears to be a foreign corporation that transacts business throughout the United States and at their http://www.yvesrocherusa.com website. Defendant Yves Rocher (U.S.A.) Inc. appears to be a Delaware corporation

2.3.   Defendants appear to conduct business in Washington through unsolicited bulk commercial email messages (AKA "spam") sent over the internet to Washington residents, to promote their commercial websites, by themselves and/or by and through JOHN DOES 1-20. Defendants also appear to have initiated, and/or assisted, and/or conspired with others to initiate the transmission of spam. Plaintiff is unaware of the true names and capacities of defendants sued herein as JOHN DOES 1-20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities

COMPLAINT FOR DAMAGES/PENALTIES, ETC. -2
HODGELL v. YVES ROCHER, ET AL

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-.509
PHONE: (206) 624-6382  FAX: (206) 624-0717

when ascertained. Plaintiff is informed and believes and therefore alleges that each of the defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such defendants. These fictitiously named defendants, along with Yves Rocher North America, Yves Rocher (U.S.A.) Inc. and YVESROCHERUSA.COM, are herein referred to as "defendants."

2.4.    The actions alleged herein to have been undertaken by the defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting with the course and scope of such agency and with the permission and consent of other defendants.

### III. NATURE OF TRADE OR COMMERCE

3.1.    Defendants appear to have sent, and/or assisted, and/or initiated and conspired with others to initiate the transmission of unsolicited commercial electronic mail messages ("spam") via the internet to the plaintiff and other residents of Washington State.

3.2.    Said messages were not "an electronic mail message to which an interactive computer service provider has attached an advertisement in exchange for free use of an electronic mail account, when the sender has agreed to such an arrangement" (RCW 19.190.010(2)).

3.3.    Defendants know or have reason to know that they send spam to Washington State residents. All of the plaintiff's email addresses that were spammed by the defendants are

COMPLAINT FOR DAMAGES/PENALTIES, ETC. -3
HODGELL v. YVES ROCHER, ET AL

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE (206) 624-9382 FAX (206) 624-0717

1 | registered at http://registry.waisp.org and/or with the Direct Marketing Association's e-Mail
2 | Preference Service. The plaintiff's residency status information for his email addresses was
3 | available upon request from the registrant of the internet domain names found in his email
4 | addresses, and was also directly available from the plaintiff.

5 |     **3.4.** Defendants are in competition with others in the state of Washington engaged in
6 | similar business.

7 | ## IV. FIRST CAUSE OF ACTION – VIOLATIONS OF RCW 19.190 (CEMA)

8 |     **4.1.** Plaintiff realleges Paragraphs 1.1 through 3.4 and incorporates them herein as if
9 | set forth in full.

10 |     **4.2.** Email messages sent via the internet contain a header, which tells the recipient the
11 | source (point of origin) of the original message, as well as any points of transmission on the
12 | message's path to the eventual recipient. A typical header will show the path of computers that
13 | sent the email message to the ultimate recipient. The specific computers are identified by a
14 | series of computer and domain names, and internet protocol numbers. Often there are several
15 | computers involved in transmitting the message to its final destination. By examining the names
16 | and numbers which identify each computer along the transmission path, it is possible to
17 | determine who originally sent the message, and which internet service providers transmitted it to
18 | its ultimate recipient.

19 |     **4.3.** The defendants obscured and misrepresented the identifying information for the
20 | point of origin of their spams by using obscured generic names in the "from" and/or "sender"
21 | field that first appears in the email recipient's inbox, and by using bogus, obscured, invalid, non-
22 | working "from:" email addresses in order to obscure and misrepresent the fact that their spams
   | were from the defendants and were not personal communications.

23 |
24 |
25 |

COMPLAINT FOR DAMAGES/PENALTIES, ETC. -4
HODGELL v. YVES ROCHER, ET AL

**MERKLE SIEGEL & FRIEDRICHSEN, P.C.**
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE (206) 624-9392 FAX (206) 624-0717

The "from" or "sender" field, and the "subject" line, are both seen first by email recipients when they open their inbox for their email address account. Email recipients rely on the information found in the "from" or "sender" field and "subject" line in order to determine who sent each email to them, and to determine if each email is for personal or business uses, or is spam. The defendants have obscured and misrepresented the "from" fields and "from:" email addresses (which help to identify its point of origin) of their spams in order to make their spams appear to be personal emails, so the recipients will open/download and read their spams.

Washington State law requires that a sender of commercial electronic mail to truthfully identify the point of origin of their email(s), RCW 19.190.020(1)(a). By obscuring and misrepresenting the information that appears in the "from" or "sender" field that is seen in the email recipient's inbox, and the "from:" email addresses, defendants obscured and misrepresented the point of origin of their emails and thus violated the CEMA.

4.4. The defendants also used third party internet domain names YAHOO.COM and HOTMAIL.COM in the "to:" field (which is part of the transmission path) in the identifying information of the transmission path in their email headers. YAHOO.COM and HOTMAIL.COM are supported, at least in part, by paid advertisements, and not by the unpaid, unrequested, unpermitted, and misleading commercial email messages from the defendants. Clearly, this is an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce, and has been declared unlawful by the Washington State legislature, as used by the defendants.

4.5. The defendants may have used subject lines that contained false and misleading information in their spams and these spams violate RCW 19.190.020(1)(b) and RCW 19.190.030(1)(b).

4.6. It is a violation of RCW 19.190.020(1)(a)(b) and 19.190.030(1)(a)(b) to initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of

COMPLAINT FOR DAMAGES/PENALTIES, ETC. -5
HODGELL v. YVES ROCHER, ET AL

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

1  a commercial electronic mail message from a computer located in Washington or to an electronic
2  mail address that the sender knows, or has reason to know, is held by a Washington resident that
3  uses a third party's internet domain name without permission of the third party, or otherwise
4  misrepresents or obscures any information in identifying the point of origin or the transmission
5  path of a commercial electronic mail message, or contains false or misleading information in the
6  subject line. Pursuant to RCW 19.190.020(1)(a)(b), each email sent in this First Cause of Action
7  is a separate and distinct violation of RCW 19.190, and pursuant to RCW 19.190.030(1)(a)(b),
8  (2), and (3) constitutes a separate and distinct violation of the Consumer Protection Act, RCW
9  19.86. As a proximate result of defendants' conduct, each and every email sent in this First
   Cause of Action has damaged plaintiff in his property.

10  **V. SECOND CAUSE OF ACTION – VIOLATIONS OF RCW 9.35 IDENTITY CRIMES**

11      **5.1.**    Plaintiff realleges Paragraphs 1.1 through 4.6 and incorporates them herein as if
12  set forth in full.

13      **5.2.**    Defendants improperly possessed plaintiff's personal means of identification
14  information (RCW 9.35.005(3), in their pursuit of unlawful activities (RCW 9.35.005(5)).

15      **5.3.**    Defendants falsely used the plaintiff's means of identification (RCW 9.35.020(3))
16  to gain business from their clients, for the defendants' own financial gain.

17      **5.4.**    The legislature finds that the practices covered by 9.35.020 are matters vitally
18  affecting the public interest (RCW 9.35.800) for the purpose of applying the Consumer
19  Protection Act, chapter 19.86 RCW. Violations of 9.35.020 are not reasonable in relation to the
20  development and preservation of business. A violation of RCW 9.35.020 is an unfair or
21  deceptive act in trade or commerce and an unfair method of competition for the purpose of
22  applying the Consumer Protection Act, chapter 19.86 RCW.

23      **VI. THIRD CAUSE OF ACTION – VIOLATIONS OF RCW 19.86 (CPA)**

24

25

COMPLAINT FOR DAMAGES/PENALTIES, ETC. -6
HODGELL v. YVES ROCHER, ET AL

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-9717

6.1.    Plaintiff realleges Paragraphs 1.1 through 5.4 and incorporates them herein as if set forth in full.

6.2.    In addition to the related CPA violations found in the First Cause, each email sent by the defendants falsely claiming (directly or indirectly) the plaintiff "subscribed" or "opted-in" (directly or indirectly) to receive their spams, also constitutes a separate and distinct act of an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce, has been declared unlawful, and violates RCW 19.86 (RCW 19.86.020, et seq.), the Washington Consumer Protection Act.  As a proximate result of defendants' conduct, each and every Count in this Second Cause of Action has damaged plaintiff in the use of his internet access and usage of his email accounts.

## VII. FOURTH CAUSE OF ACTION – COMMON LAW TORTS OF NUISANCE, HARASSMENT AND THEFT OF (DIMINUTION OF) SERVICES

7.1.    Plaintiff realleges Paragraphs 1.1 through 6.2 and incorporates them herein as if set forth in full.

7.2.    Each email sent by defendants also constitutes a separate and distinct act of nuisance, harassment and theft of (diminution of) services, causing loss of time, and other losses.

7.3.    As a proximate result of defendants' conduct in each and every Count in the First, Second, Third and Fourth Causes of Action, plaintiff has experienced loss of use, loss of value, and additional work and expenses relating to the Internet service he uses and pays for.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, **JOEL HODGELL**, prays for relief as follows:

8.1.    That the Court adjudge and decree that Defendants have engaged in the conduct complained of herein;

8.2.    That the Court adjudge and decree that the conduct complained of herein constitutes violations of the Commercial Electronic Mail Act, RCW 19.190, and pursuant to RCW

COMPLAINT FOR DAMAGES/PENALTIES, ETC. -7
HODGELL v. YVES ROCHER, ET AL

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101-2509
Phone: (206) 624-9392  Fax: (206) 624-0717

19.190.030(2) and (3) constitutes separate and distinct violations of the Consumer Protection Act, RCW 19.86;

**8.3.** That the Court adjudge and decree that the conduct complained of herein constitutes violations of the Identity Crimes Act, RCW 9.35, and pursuant to RCW 9.35.800 constitutes separate and distinct violations of the Consumer Protection Act, RCW 19.86;

**8.4.** That the Court adjudge and decree that the conduct complained of herein constitutes an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce in violation of the Consumer Protection Act, RCW 19.86;

**8.5.** That the Court adjudge and decree that the conduct complained of herein constitutes acts of nuisance, harassment, and theft of (diminution of) services;

**8.6.** That the Court issue a permanent injunction enjoining and restraining defendants and their representatives, successors, assigns, officers, agents, servants, employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with defendants from continuing or engaging in the unlawful conduct complained of herein;

**8.7.** That for the First Cause of Action the Court assess statutory damages of USD$500.00 for each and every, separate and distinct violation of RCW 19.190 (RCW 19.190.040(1);

**8.8.** That for the Second Cause of Action the Court assess statutory damages of USD$1000.00 (RCW 9.35.020(4)) for each and every, separate and distinct violation of RCW 9.35.020.

**8.9.** That for the Third Cause of Action the Court assess civil penalties pursuant to RCW 19.86.140, of two thousand dollars (USD$2,000) for each and every, separate and distinct violation of RCW 19.86.020 caused by the conduct complained of herein;

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-0382 FAX: (206) 624-0717

**8.10.** That for the Fourth Cause of Action, for each email sent, the Court assess an award of damages for nuisance, harassment, and theft of (diminution of) services in an amount to be set at trial;

**8.11.** That for the First, Second, Third and Fourth Causes of Action the Court assess treble damages and costs pursuant to RCW 19.86.090 for each and every separate and distinct violation of RCW 19.86.020;

**8.12.** That Defendants pay all of Plaintiff's legal, filing and service fees;

**8.13.** That Defendants pay Plaintiff any additional costs and fees associated with the enforcement of judgment rendered herein, with post-judgment annual compound interest of 12%;

**8.14.** That the Court decree such orders pursuant to RCW 19.86.080 to provide that Plaintiff have and recover from Defendants the costs of this action, including reasonable attorney's fees; and

**8.15.** That the Court order such other relief as it may deem just and proper to fully and effectively dissipate the effects of the conduct complained of herein, or which may otherwise seem proper to the Court.

DATED this 26th day of October, 2005.

_____
Robert J. Siegel, WSBA #17312
Attorney for Plaintiff

COMPLAINT FOR DAMAGES/PENALTIES, ETC. -9
HODGELL v. YVES ROCHER, ET AL

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717