THE HONORABLE THOMAS S. ZILLY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON, SEATTLE**

| | |
|---|---|
| **JOEL HODGELL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**YVES ROCHER NORTH AMERICA (a foreign corporation), YVES ROCHER (U.S.A.) INC., (a Delaware corporation), YVESROCHERUSA.COM, and JOHN DOES 1-20,**<br><br>**Defendants,** | **NO.** CO5-2035 TSZ<br><br>**JOINT STATUS REPORT** |

The parties together hereby submit this Joint Status Report

**1. <u>A statement of the nature and complexity of the case.</u>**

Plaintiff's complaint alleges violations of and seeks statutory damages under the Washington CEMA (RCW 19.190, et seq.), the Washington CPA (RCW 19.86 et seq.); and civil penalties under Identity Crimes (RCW 9.35).

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

Defendants deny liability for the Plaintiff's claims and allege that the Court lacks personal jurisdiction over the Defendants and each of them; this Court is not the proper venue for this action; Plaintiff fails to state a claim upon which relief can be granted; Plaintiff failed to mitigate his damages; Plaintiff is barred from obtaining any relief by reason of his own unclean hands; Plaintiff waived his claims; Plaintiff ratified and approved all actions he complains about in his Complaint; Plaintiff's claims are barred by the doctrine of estoppel; Plaintiff's claims are barred by the doctrine of laches; Plaintiff has failed to join one or more necessary and indispensable parties; and the acts Plaintiff alleges in his Complaint were committed by parties other than Defendants, which Defendants do not control now, nor have they ever controlled.

2. **A statement of which ADR method (mediation, arbitration, or other) should be used.** The parties agree on mediation as their alternative dispute resolution method.

3. **Unless all parties agree that there should be no ADR, a statement of when mediation or another ADR proceeding under Local Rule CR 39.1 should take place.**
The parties agree that mediation should take place on or before **July 17, 2006**.

4. **A proposed deadline for joining additional parties.**
The parties propose a deadline for joining additional parties of **June 12, 2006.**

5. **A proposed discovery plan.**
**A. Rule 26(f) Conference:**
The parties Rule 26(f) Conference occurred on February 23, 2006. Defendants' Initial Disclosures were provided on February 23, 2006. Plaintiff's Initial Disclosures were provided on March 6, 2006.

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

Defendants, however, assert the Initial Disclosures provided by Plaintiff on March 6, 2006 were materially insufficient, and have conferred with Plaintiff regarding this issue through correspondence dated March 7, 2006. If Plaintiff fails to provide adequate Initial Disclosures by March 14, 2006, Defendants intend to move to compel adequate Initial Disclosures.

**B. Subjects on which discovery is needed and whether discovery should be conducted in phases or be limited:**

All matters related to the claims and defenses asserted. Defendants further contend that discovery is required regarding whether Defendants bear responsibility for the emails at issue in this dispute, whether the emails violate any law, and whether Plaintiff consented to receipt of the emails, and whether Plaintiff waived any or all claims regarding the emails. Defendants reserve the right to request an inspection of Plaintiff's computers, and likewise, Plaintiff reserves the right to request the same of Defendants.

The parties see no reason apparent to limit or phase discovery.

**C. What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed:** None.

**D. A statement of how discovery will be managed so as to minimize expense:** Use of electronic data transfer where appropriate. The parties agree to Bates stamp any documents produced in discovery.

**E. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c):** None



**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

6. **The date by which the remainder of the discovery can be completed:**

The parties propose a discovery cut-off date of **September 18, 2006**. The parties further propose a cut-off date for bringing motions to compel of **September 18, 2006.**

7. **Whether the parties agree that a full-time magistrate judge may conduct all proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13.**

The parties do not consent to a full-time Magistrate Judge to conduct all proceedings.

8. **Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The parties agree this matter should not be bifurcated.

9. **Whether the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i), and (l) and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties do not agree to dispense with the pretrial statements and pretrial order.

10. **Any other suggestions for shortening or simplifying the case.**

**Dispositive motion cut-off:** The parties request a dispositive motion cut-off of **October 2, 2006**.

11. **The date the case will be ready for trial.**

The parties propose a trial date of **March 19, 2007**.

12. **Whether the trial will be jury or non-jury.**

Plaintiff has requested a jury.

13. **The number of trial days required.**

Plaintiff anticipates five (5) trial days are required for this case.

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

Defendants anticipate two (2) trial days are required for this case.

**14. The names, addresses, and telephone numbers of all trial counsel.**

For: Plaintiff
Robert J. Siegel, WSBA 17312
Merkle, Siegel, & Friedrichsen, P.C.
1325 Fourth Avenue, Suite 940
Seattle, WA 98101
(206) 624-9392

For: Defendants
Derek Newman & Roger Townsend
Newman & Newman, LLP
505 Fifth Avenue South
Seattle, WA 98104
(206) 274-2800

**15. If on the due date of the Report, all defendants or respondents have not been served, counsel for the plaintiffs shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

The parties agree that all known defendants have been served, but Plaintiff reserves the right to seek to discover, identify, name and serve additional John Does on or before the deadline for joining additional parties.

**16. Whether any party wishes a scheduling conference prior to a scheduling order being entered in the case.**

The parties agree that a further scheduling conference, prior to a scheduling order being entered in this case, is not currently necessary.

DATED this 15th day of March, 2006.

MERKLE, SIEGEL, & FRIEDRICHSEN, P.C.

Robert J. Siegel
WSBA# 17312
Attorney for Plaintiff

NEWMAN & NEWMAN, LLP

Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525
Attorneys for Defendants

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2006, I electronically filed a **Joint Status Report** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Derek A. Newman.

Adana N. Lloyd

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717